FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2015 JAN 23 PM 7:31



CASE NO.:

6:15-cv-102-Orl-22DAB

**DIANA SIMMONS**

    **Plaintiff,**

v.

**THE CBE GROUP, INC., a Iowa corporation**

    **Defendant.**

## COMPLAINT

COMES NOW, the Plaintiff, DIANA SIMMONS, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, THE CBE GROUP, INC., hereinafter "Defendant", for actual and/or statutory damages for violations under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (hereinafter the "TCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, and 47 U.S.C. §227, *et seq.*.

### VENUE

2. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Brevard County, Florida and the Defendant is a Iowa corporation whose transacts business in Brevard County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, Diana Simmons is an individual residing in the County of Brevard, State of Florida.

4. Defendant, The CBE Group, Inc., is a Iowa corporation, and has its principal place of business in Cedar Falls, Iowa.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for third parties.

## BACKGROUND FACTS

6. The Fair Debt Collection Practices Act, 47 U.S.C. §227, et seq. (hereinafter "TCPA"), was enacted in 1991 to restrict telephone solicitations and the use of automated telephone equipment which utilize artificial or prerecorded voice messages when contacting consumers.

7. Plaintiff is alleged to have incurred a financial obligation which was being collected by the Defendant.

8. Defendant in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff via Plaintiff's cellular telephone with a prerecorded message.

9. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

10. A predictive dialer is considered an automatic telephone dialing system (ATDS) pursuant to FCC rulings. See generally, *Griffith v. Conswner Portfolio Serv. Inc.*, No. 10-cv-2697 (N.D. Il. Aug. 16, 2011).

11. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

12. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(l)(A).

13. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et seq.

14. Plaintiff re-alleges and incorporates the allegations contained in the Background Facts contained herein.

15. Defendants made unsolicited commercial telephone calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

16. The calls were made without the prior express consent of the Plaintiff.

17. The foregoing acts and omissions of Defendant constitute violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant of $500.00 per call, willful damages of $1,500 per call pursuant to 47 U.S.C. §227(b)(3), injunctive relief against Defendant to cease all communication with the Plaintiff that violates the TCPA, an award of costs of litigation, against Defendant, and other such relief in the discretion of this

Court.

## JURY TRIAL DEMAND

18. Plaintiff request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 16, 2015

                                             MILITZOK & LEVY, P.A.
                                             *Attorneys for Plaintiff*
                                             The Yankee Clipper Law Center
                                             3230 Stirling Road, Suite 1
                                             Hollywood, Florida 33021
                                             (954) 727-8570 - Telephone
                                             (954) 241-6857 – Facsimile
                                             mjm@mllawfl.com

                                             By: /s/ Matthew J. Militzok
                                             MATTHEW J. MILITZOK, ESQ.
                                             Fla. Bar No.: 0153842